Connolly, Thomas E., J.
O’Dell Associates, Inc. (“O’Dell”) was the architect on this project, which was building a major hospital building for the Shriners Hospitals for Children (“Shriners”) here in Boston. The construction manager/contractor (a/k/a the prime contractor) was Barton-Malow Company. The key issue here is what, if any, duty did O’Dell owe to a third party such as the plaintiff, Ross Mellon.
To determine the duty owed, the critical document is the contract between the architect, O’Dell and Shriners. “A claim in tort may arise from a contractual relationship . . . and may be available to persons who are not parties to the contract.” Parent v. Stone and Webster Engineering Corp., 408 Mass. 108, 113-14 (1990). “A defendant under a contractual obligation is liable to third persons not parties to the contract who are foreseeably exposed to danger and injured as a result of its negligent failure to carry out that obligation.” Banaghan v. Dewey, 340 Mass. 73, 80 (1959).
*545 O’Dell, the architect, entered into AIA Document B141 Standard Form of Agreement with Shriners to provide the architectural services on the project. Section 1.5.5 of said agreement provided in part, that “the architect shall not have control or charge of and shall not be responsible for construction means, methods, technique, sequences or procedures or for safety precautions and programs in connection with the work..."
The general or prime contractor, Barton-Malow Company by contract, by generally accepted industries standards, and by Massachusetts Code of Regulations, 454 CMR 10.03(9) had a non-delegable duty for the overall safety of persons or members of the public on the job site. If it shared that responsibility for job site safety with another party, both parties may be found jointly and non-delegably responsible. See: 454 CMR 10.03(9) and OSHA Regulations, 29 CFR 1926(a), (b), (c) and (d). See also: Hopkins v. F.W. Woolworth, 11 Mass.App.Ct. 703, 706 (1981).
The key issue here is what control or responsibility did O’Dell have or exercise in the area of the subject grates, the seats for the grates and the relative heights of the surrounding masonry and the grates. The construction of the grates frames and masonry, not as it was called for in O’Dell’s plans and specifications, but as it was in fact installed or assembled, was such that the grates extended above the plane of the masonry and supporting grates, and created a trip hazard and an “unreasonably unsafe walkway surface.” See: two-page affidavit of M.W.C. Emerson, dated May 21, 2007.
Under the contract between the owner (Shriners) and the architect (O’Dell), the architect, in part, had the following obligations:
1. The architect was the representative of the owner on the job site. All instructions to the contractor was required to be forwarded through the architect.
2. The architect was required to visit the site at intervals appropriate to the stage of construction and consistent with the standards of care of the profession if the work is proceeding in accordance with the contract documents.
3. The architect shall endeavor consistent with the standards of care of the profession to guard the owner against defects and deficiencies in the work of the contractor.
4. The architect had the authority to reject work which does not conform to the Contract Documents.
See also: Plaintiffs Memorandum in Opposition, pgs. 1-4, 6-7.
These obligations, as set out in its contract with the owner, rendered significant control over this project to O’Dell. O’Dell attempts to avoid its liability by claiming that it had no duty of care to the plaintiff, Ross Mellon. O’Dell did all the drawings, including the drawings for the steel grate involved here which provided ventilation for the transformers located below grade and how it would set into position. O’Dell was responsible for inspection of the work done by the sub-contractors to determine if the work was proceeding in accordance with the contract documents. This case is clearly distinguishable from an accident occurring on the job site due, for example, to the lack of fall protection. There the subcontractor and the general contractor would be responsible for the lack of fall protection, and the architect would not be responsible. Here, however, the architect was responsible for the drawings for the steel grate and how it would be set into the walkway. O’Dell was also responsible for inspecting the work “to guard the owner [Shriner’s] against defects and deficiencies in the work” and had “the authority to reject work which does not conform to the Contract Documents.”
This Court believes that the plaintiff has shown sufficient involvement and control by O’Dell so as O’Dell would have a duty of reasonable care to prevent injuries to all persons on the site, such as the plaintiff, Ross Mellon. “Where there is dual control, there may be dual liability.” Hopkins v.F.W. Woolworth, 11 Mass. 703, 706 (1981).
If a party retains the right of control or joint control of the work, that party must exercise that control with reasonable care for the safety of others. See: Restatement (Second) of Torts, §414 (1965); Corsetti v. The Stone Company, 396 Mass. 1 (1985); and W. Prosser Torts §71 at p. 469 (4th Edition 1971). Whether O’Dell had sufficient control or joint control over the work to render him liable is a question of fact for the jury. Hammond v. Bechtel, Inc., 606 P.2d 1269, 1274-76 (Alaska, 1980). See Corsetti supra, pp. 10-11. Notwithstanding the wording in the contract between Shriners and O’Dell contained in Section 1.5.5, the Court must look at the rest of the contract which, at the least, gives some joint control to O’Dell. It is a question of fact for the jury to determine if O’Dell had sufficient control or joint control of the work. The issue involved here may be considered by some to be a close question, and assuming, arguendo, that it is a close question, this Court believes that it is best to try “close questions” cases to the jury along with the case against the general contractor. Depending on the juiy’s verdict, the Court can revisit the issue on a Motion JNOV. In that way, there will be only one trial and one appeal.

ORDER

After review of all submissions, Defendant O’Dell Associates, Inc.’s Motion for Summary Judgment is DENIED.